**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6594

KHAMMESHERMA SMITH,

Plaintiff - Appellant,

v.

DR. ALLEN, Medical Team - Psychiatrist; DR. FURNESS, Medical Team - Doctor; MEDICAL CLINICIAN, Intake Physician/Inmate Evaluation; LIEUTENANT DALTON, C.I.T. & Intake,

Defendants - Appellees.

No. 23-6595

KHAMMESHERMA SMITH,

Plaintiff - Appellant,

v.

UNKNOWN INMATE IN ROOM 63, at Kershaw Correctional Inst Cypress Building; UNKNOWN INMATE IN ROOM 13, at Kershaw Correctional Inst Cypress Building; UNKNOWN INMATE IN ROOM 14, at Kershaw Correctional Inst Cypress Building,

Defendants - Appellees.

No. 23-6596

KHAMMESHERMA SMITH,

> Plaintiff - Appellant,

v.

DEPUTY WARDEN PALMER, In Official Capacity; SERGEANT HESTER, In Official Capacity; SERGEANT SALAZAAR, In Official Capacity; LIEUTENANT PERKS, In Official Capacity,

> Defendant - Appellees.

---

**No. 23-6608**

---

KHAMMESHERMA SMITH,

> Plaintiff - Appellant,

v.

DIRECTOR BRIAN, SC Department of Corrections,

> Defendant - Appellee.

---

**No. 23-6615**

---

KHAMMESHERMA SMITH,

> Plaintiff - Appellant,

v.

KIRKLAND, General Manager; UNKNOWN 1, General Manager; UNKNOWN 2, General Manager,

> Defendants - Appellees.

2

———————————

Appeals from the United States District Court for the District of South Carolina, at Greenville.  Richard Mark Gergel, District Judge; Henry M. Herlong, Jr., Senior District Judge.    (6:22-cv-02935-HMH;  6:22-cv-04330-HMH;  6:22-cv-02385-RMG;  6:22-cv-03176-HMH; 6:22-cv-02796-HMH)

———————————

Submitted:  September 12, 2023                                    Decided:  November 2, 2023

———————————

Before RICHARDSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Khammesherma Smith, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In each of these consolidated appeals, Khammesherma Smith, a South Carolina inmate and district court three-striker, has filed a late notice of appeal. We have "an independent obligation to verify the existence of appellate jurisdiction." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A notice of appeal in a civil case in which the United States or its officer or agency is not a party must be filed no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). *See* 28 U.S.C. § 2107.

Here, because none of Smith's notices of appeal were filed within 30 days of the entry of the relevant district court order, and because the district court did not extend or reopen the appeal periods, we dismiss the appeals for lack of jurisdiction. We deny as moot Smith's motions for leave to proceed without prepayment of fees under the Prison Litigation Reform Act. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4